SIGNED this 28th day of June, 2016

_____
Marcia Phillips Parsons
CHIEF UNITED STATES BANKRUPTCY JUDGE

_____

[This opinion is not intended for publication as the precedential effect is deemed limited.]

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| In re<br><br>  RONALD E. LAYHER,<br><br>                     Debtor. | No. 09-52822 MPP<br>Chapter 7 |
| RONALD E. LAYHER,<br><br>       Plaintiff,<br><br>vs.<br><br>MISSOURI DEPARTMENT OF REVENUE,<br><br>       Defendant. | Adv. Pro. 16-5001 MPP |

## M E M O R A N D U M

Appearances:

  Edward Shultz, Esq.  　　　　　　　　　Jeffery W. Hunt, Esq.
  Post Office Box 23380  　　　　　　　　Post Office Box 475
  Knoxville, Tennessee 37933　　　　　　Jefferson City, Missouri 65105
  *Attorney for Plaintiff*　　　　　　　　*Attorney for Defendant*

**Marcia Phillips Parsons, Chief United States Bankruptcy Judge.** In this adversary proceeding, Ronald E. Layher seeks a determination under 11 U.S.C. § 505 that he is not liable for sales/use taxes assessed against him by the Missouri Department of Revenue in connection with a company of which Mr. Layher was the responsible officer. Mr. Layher also seeks sanctions against the Department, based on his assertion that its collection actions violate 11 U.S.C. § 524(a)'s discharge injunction. Presently before the court is the Department's motion for abstention under 28 U.S.C. § 1334(c)(1) and dismissal. For the reasons discussed below, the court will deny the motion. This is a core proceeding, as recognized by parties in their pleadings. *See* 28 U.S.C. § 157(b)(2)(A), (B) and (O).

I.

Ronald Layher filed a voluntary bankruptcy petition for relief under chapter 11 on October 14, 2009. The case was subsequently converted to chapter 7 on January 7, 2011, with Mr. Layher receiving a discharge on May 3, 2011. During the pendency of the bankruptcy case, the Department filed claims for unpaid withholding taxes in the amount of $66,591.55. The bankruptcy case was closed on May 16, 2012.

On January 8, 2016, the bankruptcy case was reopened at Mr. Layher's request so that he could file a complaint initiating this adversary proceeding against the Department, as he did four days later. The Department timely filed an answer, and has now filed a motion for abstention, along with a memorandum in support of the motion. Mr. Layher has filed a response in opposition to the motion, to which the Department has replied.

According to the pleadings, Mr. Layher was the sole member of Starlite Entertainment LLC, a Missouri limited liability company that Mr. Layher alleges was administratively dissolved by the state of Missouri on November 23, 2009. The Department responds instead that the state on that date canceled the company's limited liability certificate for failure to maintain a registered agent. In any event, the parties agree that the company is no longer operating. According to the Department's memorandum, in December 2010 it began auditing the sales/use taxes of the company for the years 2004 through 2007, ultimately determining that the company's and Mr. Layher's liability as the responsible officer was $615,115.06 and filing a tax lien in this amount against Mr.

2

Layher in Taney County, Missouri. After the commencement of this adversary proceeding, the Department advised Mr. Layher through counsel that it had adjusted the balance allegedly owed by Mr. Layher based on legal precedent such that his total liability for sales/use taxes for the audited periods is $253,261.34.

The parties agree that neither the amount nor the legality of the sales/use taxes sought by the Department has ever been contested before any judicial or administrative tribunal. Mr. Layher contends that he was never afforded an opportunity to oppose the assessment in Missouri and that after the tax lien was recorded, he made numerous unsuccessful attempts through counsel to communicate with the Department. The Department disputes this characterization, contending that its notice of assessment was given to the appropriate parties by mail to the most recent and updated mailing address and that Mr. Layher failed to contest the assessment and his liability before the Missouri Administrative Hearing Commission as required under Missouri law.

In his prayer for relief, Mr. Layher requests that the court determine that he has no liability for the sales/use taxes that the Department seeks to collect. In addition, Mr. Layher seeks an award of sanctions against the Department, asserting that the Department's assessment of taxes against him and its filing of the tax lien against his property on November 1, 2013, constitute violations by the Department of the May 3, 2011 discharge injunction.

The Department denies that it has violated the discharge injunction, asserting that sales/use taxes and the accompanying penalties and interest are nondischargeable under 11 U.S.C. § 523(a)(1) and § 507(a)(8)(c). The Department states in its reply that it is not pursuing "any portions of the taxpayer's liability assessed during the 2013 audit that are attributable to the 25% additions to tax that were properly discharged as general unsecured debt in [Mr. Layher's] Chapter 7 bankruptcy," and that the Department is holding Mr. Layher "liable for only those portions of the audit results attributable to principle [sic] and interest on the taxpayer's non dischargeable trust fund tax liabilities."

The Department moves the court to abstain from exercising jurisdiction over the claims asserted by Mr. Layher. According to the Department, Mr. Layher is using a stale bankruptcy case to contest a liability that he could have contested in the appropriate jurisdiction within the state of

Missouri. The Department maintains that if Mr. Layher had insufficient notice of the assessment, the state of Missouri's Administrative Hearing Commission is the appropriate venue for him to seek and obtain recourse on this issue. Moreover, the Department asserts that abstention is appropriate because the outcome of this adversary will have no effect on Mr. Layher's bankruptcy case or his creditors because there were no assets available in the estate for distribution.

Citing his alleged lack of notice, Mr. Layher opposes the Department's abstention motion. He argues that abstention would not promote the interest of judicial economy, since abstention would effectively bifurcate this matter into two proceedings as his claim for violation of the permanent discharge injunction must be heard in bankruptcy court.

II.

Section 505(a) of the Bankruptcy Code provides in pertinent part:

(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

(2) The court may not so determine—

(A) the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title[.]

11 U.S.C. § 505(a)(1). This provision permits courts to "redetermine the amount of a debtor's tax liability even when a debtor has failed to comply with state law procedures for challenging such liabilities, including applicable state law statutes of limitations." *In re New Haven Projects Ltd. Liability Co.,* 225 F.3d 283, 286 (2d Cir. 2000); *see also In re Home and Housing of Dade County, Inc.*, 220 B.R. 492, 494-95 (Bankr. S.D. Fla. 1998) ("The debtor is given a renewed opportunity [under § 505] to contest the amount due for taxation, and the bankruptcy court is not bound by time limits to determine the amount of taxes applicable in any other forum.").

In this case, the Department admits that the amount or legality of the sales tax that it seeks to collect from Mr. Layher has not been contested before any judicial or administrative tribunal and

that this court is authorized by statute to hear the parties' dispute as requested by Mr. Layher. The Department asserts, nonetheless, that abstention is appropriate. As authority, the Department references first the general abstention statute, 28 U.S.C. § 1334(c), which in paragraph (1) permits a court to abstain from hearing either core or non-core matters "in the interest of justice, or in the interest of comity with State courts or respect for State law." *See Kirk v. Hendon (In re Heinsohn)*, 231 B.R. 48, 60 (Bankr. E.D. Tenn. 1999) (abstention under § 1334(c)(1) is "known as permissive abstention"). Second, the Department asserts that a court has the discretion under § 505(a)(1) by its own terms to abstain from making an otherwise proper tax determination, because of the statute's use of the word "may." *See* 11 U.S.C. § 505(a)(1) ("the court *may* determine the amount or legality of any tax, any fine or penalty") (emphasis supplied); *see also*, *e.g, In re New Haven Projects Ltd. Liability Co.,* 225 F.3d 283, 288 (2d Cir. 2000) ("[W]e interpret the verb 'may' in 11 U.S.C. § 505(a)(1) as vesting the bankruptcy court with discretionary authority to redetermine a debtor's taxes.").

As to the latter basis, a number of courts, including the Second Circuit Court of Appeals, has observed that the exercise of such discretion must be informed by the purpose underlying the statute, "to protect the interests of both debtors and creditors." *Id.* Two examples of creditors' interests that the court recognized § 505(a) could protect were: (1) preventing the dissipation of an estate's assets in the event that the debtor failed to contest the legality and amount of taxes assessed against it; and (2) the speedy resolution of disputed tax claims so that the orderly administration of the case and distribution to the debtor's creditors would not be delayed. *Id.* Consistent with these goals, courts have looked to a number of factors when deciding whether to exercise their authority under § 505, specifically the following:

> (1) the complexity of the tax issue; (2) the need to administer the bankruptcy case in an expeditious fashion; (3) the burden on the bankruptcy court's docket; (4) the length of time necessary to conduct the hearing and to render a decision thereafter; (5) the asset and liability structure of the debtor; and (6) the potential prejudice to the debtor, the taxing authority and creditors.

*Id.*

In the case at hand, the Department asserts that a consideration of these factors, along with the purpose of § 505(a) and § 1334(c)(1) criteria, support abstention. The Department argues that

a determination of Mr. Layher's liability for sales/use taxes for tax periods approximately ten years ago is substantially complicated, that there is no need for an expeditious determination of this issue since no other bankruptcy matters are pending, and that a redetermination in this court will necessitate that the court review a number of legal issues surrounding Missouri sales/use taxes. The Department points out that refusing to abstain will only benefit the debtor, who already had ample opportunity to contest his tax liability during the Missouri audit and assessment process, yet failed to exercise his rights. *See Kohl v. IRS (In re Kohl)*, 397 B.R. 840, 844-45 (Bankr. N.D. Ohio 2008) ("[Section] 505(a)(1) does not function as an alternative forum for tax litigation when such litigation would have no impact upon the administration of the bankruptcy case."). And because there were no assets available for distribution to creditors in this case, the Department observes that resolution of the tax issue will have no impact upon the administration of the bankruptcy case or benefit creditors. In this regard, the Department notes that a number of bankruptcy courts have concluded that abstention is generally appropriate in no-asset cases. *See, e.g., In re Koh1*, 397 B.R. at 845. Lastly, the Department argues that the same considerations favoring abstention under § 505(a) also support abstention under § 1334(c)(1), as it is in the interest of justice and respect for Missouri state law and comity that the court should abstain.

In contrast, the court in *Hospitality Ventures* persuasively concludes that "§ 505(a) does not permit the Court to decline to exercise jurisdiction unless permissive abstention is appropriate under 28 U.S.C. § 1334(c)(1)," and that the latter statute "does not allow permissive abstention with regard to § 505(a) relief if there is no alternative forum to decide the dispute." *Hospitality Ventures/Lavista v. Heartwood 11, LLC (In re Hospitality Ventures/Lavista)*, 314 B.R. 843, 864 (Bankr. N.D. Ga. 2004); *see also In re Cable & Wireless USA, Inc.*, 331 B.R. 568, 576 (Bankr. D. Del. 2005) (agreeing that abstention is not available under 28 U.S.C. § 1334(c)(1) unless a parallel state forum exists to decide the tax issue). In this case, the parties have not stipulated whether Mr. Layher would be unable to contest the Department's assessment against him in Missouri state proceedings, but this inference may be drawn from the parties' positions on abstention. Mr. Layher insists that due to the Department's failure to notify him, "he was never afforded an opportunity to oppose the assessment" in Missouri. The Department maintains that Mr. Layher "was given the opportunity to appeal the assessments to the Missouri Administrative Hearing Commission and

6

failed to do so."

The inference that Mr. Layher no longer has the ability to pursue relief from the assessments in Missouri is reinforced by Missouri law. By statute, individuals or entities may appeal any assessment made by the Department to the Administrative Hearing Commission, so long as the appeal is filed "within sixty days after the mailing of delivery of such decision, whichever is earlier." Mo. Rev. Stat. § 144.261; *see also* Mo. Rev. Stat. § 621.050(1). "Mailing of notices or requests, by first class mail, postage prepaid, certified with return receipt requested, or such other methods as may be mutually agreed upon, shall be prima facie evidence that the party to whom it is addressed received the correspondence, notice or request." Mo. Rev. Stat. § 143.241(9). Although this provision pertains specifically to withholding taxes rather than notices of assessment, a recent decision by the Missouri Supreme Court indicates that a similar rule applies. In that case, the plaintiff claimed that it never received notice of the final tax assessment and therefore missed the deadline to appeal to the Commission. *See New Garden Restaurant, Inc. v. Dir. of Revenue*, 471 S.W.3d 314 (Mo. 2015). The court concluded that there is no statutory requirement that taxpayers actually receive or have actual knowledge of the right to appeal for the time limitation to run. *Id.* at 318 (citing *Ins. Co. of State of PA v. Dir. of Revenue and Dir. of Ins.*, 269 S.W.3d 32, 34 n.5 (Mo. 2008)). Rather, "[t]he issue is whether notice sent pursuant to these sections was reasonably calculated to give notice and an opportunity to respond . . . ." *Id.* at 319. Finding that the assessment notice sent via certified mail to the plaintiff's last known address and not returned was reasonably calculated to give notice, the court held that the plaintiff could no longer dispute the tax assessment because it failed to timely appeal. *Id.* at 321.

The facts in this case appear similar. While Mr. Layher claims lack of notice from the Department, the Department asserts "notice was given to the appropriate parties by mail to the most recent and updated mailing address." Assuming this assertion to be true, it would appear that Mr. Layher would be precluded from challenging the assessment against him, either the amount or his liability, in a state of Missouri forum. Because there is no alternative state court forum, abstention would not be appropriate under 28 U.S.C. § 1334(c)(1). *See Johnston v. City of Middletown (In re Johnston)*, 484 B.R. 698, 716 (Bankr. N.D. Ohio 2012); *Dayton Title Agency, Inc. v. Wright (In re Dayton Title Agency, Inc.)*, 304 B.R. 323, 330 (Bankr. S.D. Ohio 2004) (recognizing that if no

alternative forum is available, a court should not abstain); *but see Fugitt v. Miss. Dep't of Revenue (In re Fugitt)*, Adv. Pro. No. 1300098-NPO, 2014 WL 3888281, *13 (Bankr. S.D. Miss. Aug. 8, 2014) ("Although the availability of another forum can be an important factor, it is not alone determinative of whether the Court should exercise its authority.").

Regarding abstention under 11 U.S.C. § 505(a), it is unnecessary for this court to resolve whether abstention is permissible under the statute alone, without regard to 28 U.S.C. § 1334(c)(1), the conclusion rejected in *In re Hospitality Ventures/Lavista*, 314 B.R. at 864. Even if § 505(a)(1) is discretionary, this court rejects the assertion that a court should exercise its discretion to hear the matter only if creditors would benefit. As the court in *Hospitality Ventures* observed, it has been recognized that a debtor may invoke § 505(a) and that abstention may be improper even if the court's determination would benefit no one else in the case other than the debtor. *Id.* at 854, n.9 (and cases cited therein). Further, if Mr. Layher's tax liability is nondischargeable as the Department claims, a determination of an individual debtor's nondischargeable taxes "serves a statutory purpose because it furthers the debtor's 'fresh start,' one of the objectives of the Bankruptcy Code." *Id.*

As to the other factors cited by the court in *In re New Haven Projects Ltd. Liability Co.*, 225 F.3d at 288, there is no indication that the tax determination would be overly time consuming or particularly complicated, despite the assertion of the Department to the contrary. The parties agreed to a September 21, 2016 trial date, less than six months after the scheduling conference in this proceeding, suggesting that only a short time is needed to prepare for trial, and the parties agreed that one day would be sufficient for trial. This court's docket is not overly burdened, and there is no suggestion that the Department would be unduly prejudiced by this court exercising its § 505(a) authority, although certainly the respect for state comity is a consideration. That consideration, however, is outweighed in this case by the fact that a bankruptcy debtor will not have a forum to resolve his necessary fresh start issues, on a tax liability that arose years before his bankruptcy filing, if this court grants the Department's abstention request. Accordingly, the Department's motion for abstention will be denied.

III.

In accordance with the foregoing, an order will be entered denying the Department's motion for abstention.

# # #